[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15731
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00435-CV-J-TEM

EDWARD LEROY SWINDELL,
and others of similar circumstances,

                                                            Plaintiff-Appellant,

versus

FLORIDA EAST COAST RAILWAY COMPANY,
CSX TRANSPORTATION CORPORATION,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 2, 2006)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

    This is the second appearance of Edward LeRoy Swindell, proceeding pro

se, in this Court.  On January 2, 2002, we affirmed the district court's entry of

summary judgment in favor of Florida East Coast Railway Company ("FEC"), on Swindell's claims for physical and emotional damages under Florida law, the Safety Appliance Act ("SAA"), 45 U.S.C. §§ 1-16; the Boiler Inspection Act ("BIA"), 45 U.S.C. §§ 22-34; and the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 et seq. See Swindell v. Fla. E. Coast Ry., No. 01-12263 (11th Cir. Jan. 2, 2002) (unpublished) ("Swindell I"). We held the district court correctly determined that Swindell's federal claims were barred by FELA's three-year statute of limitations, and that Swindell's Florida claim was barred by the Rooker-Feldman doctrine. Id., slip op. at 7-9. We rejected his suggestion that because he did not discover his injuries until April 1997, the limitations period applicable to his federal claims was tolled. Id., slip op. at 7-8.

On May 23, 2003, Swindell filed the instant action against FEC and CSX Transportation Company ("CSX") (collectively, "Defendants"), seeking to recover for alleged "second injuries" that he discovered in 2002. He asserted claims under the Code of Federal Register ("CFR"), the SAA, the BIA, and Interstate Commerce Commission ("ICC") rules and regulations. The district court entered summary judgment (1) in favor of both defendants based on the FELA's three-year statute of limitations and (2) in favor of FEC based on the doctrine of res judicata. In a

2

thorough and well-reasoned 16-page opinion, the district court rejected each of the arguments Swindell asserts in this appeal, "Swindell II."

As we did in Swindell I, we have conducted a de novo review of the record. See Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1279 (11th Cir. 2004) (reviewing the grant of a motion for summary judgment de novo, "applying the same legal standards that bound the district court"). As for his claim against FEC, our review reveals that Swindell either knew or should have known about his chronic obstructive pulmonary disease ("COPD") or emphysema prior to his 2000 lawsuit, which was the subject of our Swindell I opinion. The medical records of Swindell's treating physicians indicate that as early as 1996, and certainly no later than 1998, he was diagnosed with COPD.

We are unpersuaded by Swindell's argument that his COPD claim did not begin to accrue until he was "officially diagnosed" with COPD in 2002. It is well-settled that, under the discovery rule, an injury accrues when a plaintiff knew or should have known about the injury, and based on his medical records, Swindell should have known that he suffering from the "second injuries" he alleges here, COPD or emphysema, no later than 1998. See Hill v. Georgia Power Co., 786 F.2d 1071, 1074-75 (11th Cir. 1986) (holding that a cause of action accrues and the statute of limitations begins to run, when in the exercise of reasonable diligence,

3

the claimant knew or should have known of the injury). Moreover, Swindell's claim that he was unaware that he was suffering from emphysema based on a pre-2002 diagnosis of COPD is unpersuasive because (1) Swindell admits in his complaint that emphysema is an obstructive pulmonary disease, and (2) the defendants presented evidence that emphysema is a COPD.

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). "[R]es judicata can be applied only if all of four factors are shown: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." E.E.O.C. v. Pemco Aeroplex, Inc., 383 F.3d 1280, 1285 (11th Cir. 2004), cert. denied, 126 S.Ct. 42 (2005) (quotations omitted, emphasis in the original). We have noted that "this bar pertains not only to claims that were raised in the prior action, but also to claims that could have been raised previously." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (citation omitted) (emphasis added). Moreover, we have stated that, in order to determine whether prior and present causes of action are the same, "a court must compare the substance of the actions,

4

not their form. . . . [I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." In re Piper Aircraft Corp., 244 F.3d 1289, 1297 (11th Cir. 2001).

Swindell's claim based on COPD or emphysema is not a "second injury" that would trigger a new statute of limitation, but instead is a claim that was previously litigated in his 2000 lawsuit against FEC and, therefore, as to FEC, is barred by the doctrine of res judicata. Our four-prong test is satisfied because (1) the prior decision was rendered by a court of competent jurisdiction – the United States District Court for the Middle District of Florida; (2) the district court's ruling that Swindell's claim was barred by the statute of limitations was a final judgment on the merits; (3) both cases involved the same parties (Swindell and FEC); and (4) the prior and present causes of action are the same, involving work-related exposure to industrial pollutants resulting in COPD.

In any event, even if res judicata did not preclude the claim against FEC, Swindell's claims as to both defendants are barred by FELA's three-year limitations period, which we explained at length in Swindell I. See slip op. at 7-8. Put simply, Swindell knew, or should have known, that he suffered emotional injuries (including the injuries he terms "second injuries") for more than three

5

years prior to the date he filed this suit (<u>and</u> prior to the date of the underlying 2000 action we affirmed in <u>Swindell I</u>).  Based on our review of the record and the parties' briefs, we discern no reversible error and we affirm the district court's grant of summary judgment in favor of the Defendants.

**AFFIRMED.**